UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VS AMERICA, INC. | Case No.: 1:22-cv-07237 |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| AMTAB MANUFACTURING CORP., | |
| Defendant. | |

Plaintiff VS America, Inc. hereby allege as follows for its complaint against Defendant AmTab Manufacturing Corporation:

## I. NATURE OF THE ACTION

1. This action arises out of Defendant's making, using, advertising, importing, distributing, selling, and/or offering for sale chairs in the United States designed and manufactured to copy Plaintiff's chair design protected by U.S. Trademark Registration No. 3,527,273. Exhibit A.

## II. THE PARTIES

2. Plaintiff VS America, Inc. ( "VS" or "Plaintiff") is a corporation organized and existing under the laws of the State of North Carolina and has a place of business at 1940 Abbott Street, Unit 501, Charlotte, NC 28203. VS owns all right, title, and interest in U.S. Trademark Reg. No. 3,527,273 ("the '273 registration" or "Registered Trade Dress"), related common law rights, and all associated goodwill in the United States.

3. VS owns full and exclusive rights to use, exploit, license, exclude, enforce, collect damages or other relief, and all other rights regarding the '273 registration and related common law rights in the United States. VS markets and sells classroom furniture in the United States, including furniture embodying the '273 registration, under the "VS" brand.

4. Defendant AmTab Manufacturing Corporation ("AmTab" or "Defendant") is a corporation organized and existing under the laws of the state of Illinois and having a principal place of business in Illinois. AmTab is in the business of selling furniture, including educational furniture, as described for example at AmTab's website: https://www.amtab.com/.

5. Defendant's commercial activities complained about herein were done in and from the State of Illinois, where Defendant maintains its principal place of business.

### III. JURISDICTION AND VENUE

6. This action is based on the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, for violation of the Lanham Act as well as state and common law.

7. The Court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and over the state law claims pursuant to 28 U.S.C. § 1367.

8. AmTab knowingly copied in Illinois VS's Registered Trade Dress to sell Defendant's own knockoffs, including as shown below (the "Accused Products"), that infringe VS's rights. Plaintiff has sent notice to and communicated with Defendant in Illinois about Defendant's illegal activities, but Defendant has defiantly continued its infringements and expanded its violations of law, including at trade show activities in the United States.

| VS's U.S. Trademark Reg No. 3,527,273 | AmTab's Knockoff Chair |
|---|---|
| *[drawing of chair]* | *[photo of blue chair]* |

9.  The Court has personal jurisdiction over Defendant, because Defendant has its principal place of business in this Judicial District and conducts the infringing acts complained about herein in and from within this Judicial District.

10. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391 and 1400.

## IV. FACTUAL BACKGROUND

### A. Plaintiff and Its Rights

11. VS is the exclusive owner of the valid and subsisting '273 registration, related common law rights, and goodwill associated with the Registered Trade Dress for furniture, namely chairs, which has become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065. *See* Exhibit A. The United States Patent and Trademark Office ("PTO") lawfully issued the '273 registration on November 4, 2008 and acknowledged the incontestability thereof on September 26, 2014.

12. Plaintiff is an innovator in product design, consistently offering new and inspiring products to serve, *inter alia*, academic and professional customers, distributors, and users. The Registered Trade Dress and associated goodwill are the result of Plaintiff's creative product design, labor, and investment and constitute valuable VS business assets as associated in the minds of actual and potential customers, business partners, and users with VS's creativity, business, and reputation. As the owner of the Registered Trade Dress, VS is the rightful owner, origin, and source of chairs bearing that pioneering design.

13. The Registered Trade Dress is shown below. Design elements of the Registered Trade Dress include the shape and appearance of a chair, with a modern cantilevered, semi-angular hourglass shape with a stylized squarish topographical texture that juxtaposes against the rounded form of the chair body, punctuated by a high-centered circular hole element. VS has expended substantial time, money, and resources in marketing, advertising, and promoting chairs bearing the Registered Trade Dress ("the Trade Dress Chairs"), including through trade show exhibitions, conferences, product literature, promotional campaigns, sales

demonstrations, digital advertising, social media, and the like.



14. VS has engaged in substantially continuous and exclusive interstate commerce in the United States under the Registered Trade Dress since, at least, 2000 — well before Defendant's infringement — by promoting, distributing, and selling thousands of Trade Dress Chairs across multiple channels of trade. VS America promotes and sells the Trade Dress Chairs as "PANTO" chairs, including PantoMove and PantoSwing, and has earned millions of dollars in revenue from such sales. *See* Exhibit B (examples of currently available VS Panto chairs bearing the Registered Trade Dress). The Registered Trade Dress, as embodied in Plaintiff's Panto designs, has acquired distinctives through years of commercial sales, exhibition, marketing, and recognition within the industry and among Plaintiff's customers, business partners, and end users. The Registered Trade Dress has been featured in numerous presentations, competitions, and publications recognizing award-winning educational facility designs.

15. VS, directly and through its business affiliates, designs, operates, and supervises manufacturing and quality of the Trade Dress Chairs. VS controls the materials processing for the components of the Trade Dress Chairs as well as the selection and application of distinctive finishes for the Trade Dress Chairs. As a result, VS ensures that all

aspects of the Trade Dress Chairs are consistent and high quality. The Registered Trade Dress signifies the high quality of the Trade Dress Chairs as well as VS's hard-earned recognition, reputation, and goodwill. The Registered Trade Dress is original, inherently distinctive, and widely recognized by consumers as designating plaintiff as the source of chairs with this design.

B.  **Defendant's Unlawful Activities**

16. Defendant, an Illinois corporation, has deliberately copied the Registered Trade Dress in order to provide a less expensive means of obtaining, offering, and selling Plaintiff's distinctive Registered Trade Dress, of capturing the demand for *Plaintiff's* PANTO chairs, and of touting Defendant as an innovative company. Defendant seeks to capitalize on the distinctiveness of VS's Registered Trade Dress and associated goodwill by making, marketing, using, selling, and offering to sell knockoff chairs embodying the Registered Trade Dress.

17. At the October 5-9, 2022 Association for Learning Environments ("A4LE") *Learning Scapes* trade show in San Antonio, Texas, Defendant displayed, promoted, and offered to sell Accused Products virtually identical in shape, texture, and proportion to the Registered Trade Dress. The Trade Dress Chairs and Accused Products are so confusingly similar that unintentional or coincidental resemblance is impossible. An exemplary Accused Product is shown below.




18.   On October 7, 2022, VS's counsel wrote Defendant's chief executive officer to notify AmTab of VS's trade dress rights and to request that AmTab cease and desist its infringing activities.  On October 18, 2022, Defendant, through counsel, refused to acknowledge VS's legal rights or to discontinue sale of the Accused Products.

19.   Since then, Defendant has continued to display, promote, and offer to sell Defendant's Accused Products to the public and to VS's actual and potential customers and business partners.

20.   The similarity of Defendant's Accused Products to the Registered Trade Dress creates and is likely to cause confusion in the marketplace generally and among Plaintiff's and Defendant's customers, business partners, and end users specifically.  As one example, internet searching of images of Defendant's Accused Product return images of *Plaintiff's* Registered Trade Dress embodiments (as shown below).  Defendant's acts constitute willful violations of Plaintiff's rights, entitling VS to actual damages, exemplary damages, disgorgement of profits, attorneys' fees, costs, interest, and injunctive relief against AmTab.



## V. CAUSES OF ACTION

### COUNT 1: TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

21. VS realleges and incorporates herein by reference the above paragraphs.

22. Defendant's making, marketing, using, selling, and offering to sell knockoff chairs embodying Plaintiff's Registered Trade Dress is an unauthorized use in commerce of the trade dress protected by VS's '273 registration.

23. Defendant's acts complained about herein create and are likely to cause consumer confusion, mistake, or deception as to the origin and source of Plaintiff's and Defendant's directly competing goods. Defendant's acts further create and are likely to create confusion, mistake, or deception as to the affiliation, approval, sponsorship, or lack thereof between Plaintiff's and Defendant's products and services.

24. Defendant's commercial activities have damaged, and will continue to damage, Plaintiff's business, reputation, and good will and may discourage current and potential customers and members of the public from dealing with VS. Defendant's conduct has caused, and unless restrained and enjoined will continue to cause, irreparable harm to VS that cannot be adequately compensated or measured by money alone. VS has no adequate remedy at law.

25. Defendant is liable under 15 U.S.C. § 1114 for infringement of VS's Registered Trade Dress. Under the Lanham Act, VS is entitled to preliminary and permanent injunctive relief enjoining Defendant's continued infringement of VS's Registered Trade Dress and recalling all Accused Products sold or distributed by Defendant.

26. Defendant's actions in using VS's Registered Trade Dress were and remain willful, intentional, and in bad faith. This case is exceptional under 15 U.S.C. § 1117, pursuant to which Plaintiff is entitled to recover, *inter alia*, its actual damages, treble damages, Defendant's profits, attorneys' fees, and costs.

27. Pursuant to 15 U.S.C. § 1118, Defendant should be ordered to deliver all units of the Accused Products to be destroyed.

## COUNT 2: FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

28. VS realleges and incorporates herein by reference the above paragraphs.

29. Defendant's making, marketing, using, selling, and offering to sell knockoff chairs embodying Plaintiff's Registered Trade Dress violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Defendant's acts complained about herein create and are likely to cause consumer confusion, mistake, or deception as to the origin and source of Plaintiff's and Defendant's directly competing goods. Defendant's acts further create and are likely to create confusion, mistake, or deception as to the affiliation, approval, sponsorship, or lack thereof between Plaintiff's and Defendant's products and services.

31. Defendant's commercial activities have damaged, and will continue to damage, Plaintiff's business, reputation, and good will and may discourage current and potential customers and members of the public from dealing with VS. Defendant's conduct has caused, and unless restrained and enjoined will continue to cause, irreparable harm to VS that cannot be adequately compensated or measured by money alone. VS has no adequate remedy at law.

32. Defendant is liable under 15 U.S.C. § 1125(a) for false designation of origin. Under the Lanham Act, VS is entitled to preliminary and permanent injunctive relief enjoining Defendant's continued infringement of VS's Registered Trade Dress and recalling all Accused Products sold or distributed by Defendant.

33. Defendant's false designation of origin was and remains willful, intentional, and in bad faith. This case is exceptional under 15 U.S.C. § 1117, pursuant to which Plaintiff is entitled to recover, *inter alia*, its actual damages, treble damages, Defendant's profits, attorneys' fees, and costs.

34. Pursuant to 15 U.S.C. § 1118, Defendant should be ordered to deliver all units of the Accused Products to be destroyed.

## COUNT 3: COMMON LAW TRADEMARK INFRINGEMENT

35. VS realleges and incorporates herein by reference the above paragraphs.

36. Defendant's actions constitute unfair competition under Illinois common law as Defendant's Accused Products are deceptively similar to VS's Registered Trade Dress. Defendant's unauthorized use of VS's Registered Trade Dress creates and is likely to create confusion between Plaintiff's and Defendant's good and services, to the detriment of VS and the public interest in fair, accurate, and non-misleading advertising.

37. Defendant's continued display, promotion, and offering to sell the Accused Product are likely to unfairly divert trade away from VS and to damage VS's business, reputation, and goodwill associated with VS's Registered Trade Dress.

38. Defendant's commercial activities have damaged, and will continue to damage, Plaintiff's business, reputation, and good will and may discourage current and potential customers and members of the public from dealing with VS. Defendant's conduct has caused, and unless restrained and enjoined will continue to cause, irreparable harm to VS that cannot be adequately compensated or measured by money alone. VS has no adequate remedy at law.

39. Defendant's common law trademark infringement was and remains willful, intentional, and in bad faith. VS is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to sell the Accused Products or confusingly similar imitations. VS's damages will be proven at trial.

## COUNT 4: ILLINOIS DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510/1, *et seq.*)

40. VS realleges and incorporates herein by reference the above paragraphs.

41. Defendant's making, marketing, using, selling, and offering to sell knockoff chairs constitutes a deceptive trade practice.

42. Defendant's acts complained about herein create and are likely to cause consumer confusion, mistake, or deception as to the origin and source of Plaintiff's and Defendant's

directly competing goods. Defendant's acts further create and are likely to create confusion, mistake, or deception as to the affiliation, approval, sponsorship, or lack thereof between Plaintiff's and Defendant's products and services.

43. Defendant's actions are willful, negatively impact the public interest, and will be injurious to VS and to the public under Illinois Compiled Statutes 815 ILCS § 510 *et seq.* as contrary to the public's interest in fair, accurate, and non-misleading advertising. Defendant's conduct has caused, and unless restrained and enjoined will continue to cause, irreparable harm to VS that cannot be adequately compensated or measured by money alone. VS has no adequate remedy at law.

44. Defendant is liable under 815 ILCS § 510, *et seq.*, pursuant to which VS is entitled to preliminary and permanent injunctive relief, attorneys' fees, and costs.

45. Defendant's deceptive trade practices were and remain willful, intentional, and in bad faith. Under 815 ILCS § 510, Plaintiff is entitled to preliminary and permanent injunctive relief and to recover, *inter alia*, its attorneys' fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendant (and its affiliates, subsidiaries, agents, servants, employees, and any and all persons in active concert, privity, or participation therewith) be restrained and preliminarily and permanently enjoined from:

    A. infringing the '273 registration (directly, contributorily, and vicariously);

    B. using any trade dress identical or confusingly similar to the '273 registration or any other false designation of origin;

2. That judgment be entered in favor of Plaintiff against Defendant, including:

    A. an accounting and disgorgement of all profits and property wrongfully made or obtained by Defendant, to be held in a constructive trust for the benefit of Plaintiff during the pendency of this action until the judgment is satisfied;

    B. an award to Plaintiff of actual damages.

3. That the Court hold this case to be exceptional and that the damages be trebled as provided by governing law.

4. That Defendant be ordered to pay to Plaintiff the expenses of this action, including reasonable attorneys' fees, costs, and interest as provided by governing law.

5. That Defendant be ordered to recall and deliver to Plaintiff for impoundment all originals and copies of materials that the Court deems to be violations per the causes of action set forth herein; and that Defendant be directed to file with the Court and serve on Plaintiff a written report under oath setting forth the manner in which Defendant has complied with the Court's order.

6. That Plaintiff be awarded such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: December 23, 2022          Respectfully submitted,

S/ *J. ARON CARNAHAN*/
HUSCH BLACKWELL LLP
J. Aron Carnahan, Illinois Bar No. 6242642
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 526-1612
aron.carnahan@huschblackwell.com
Local Counsel for Plaintiff VS America, Inc.

STOEL RIVES LLP

Brian C. Park (*pro hac vice* forthcoming)
Elliott J. Williams (*pro hac vice* forthcoming)
600 University St., Suite 3600
Seattle, WA 98101
(206) 386-7542
*brian.park@stoel.com*
*elliott.williams@stoel.com*

Attorneys for Plaintiff
VS AMERICA, INC.